IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § § | SA-16-CR-00360-OLG |
| vs. | § § § | |
| (1) OMAR VILLALPANDO-GONZALEZ, | § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Petitioner Omar Villalpando Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#154]. The motion was referred to the undersigned pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to the United States Magistrates to hold an evidentiary hearing on Petitioner's claim that his trial attorney rendered ineffective assistance of counsel by coercing him to sign the plea agreement in his case [#170]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's Motion to Vacate based on his claim of ineffective assistance of counsel regarding the voluntariness of his plea be **DENIED**.

**I.  Background**

In May 2016, Petitioner was charged, along with two other Defendants, in a seven-count indictment with (1) conspiring to distribute and possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count

1

One); (2) possessing with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(B) (Counts Two, Three, and Four); and (3) aiding and abetting the possession of intent to distribute methamphetamine in violation of 18 U.S.C. § 2 (Counts Fix, Six, and Seven). (Indictment [#3].) Petitioner executed a plea agreement with the Government in which he pleaded guilty to Count One of the indictment in June 2016, and this Court held a re-arraignment and plea hearing on October 7, 2016, during which United States Magistrate Judge Pamela Mathy conducted a plea colloquy with Petitioner. (Plea Agreement [#61]; Mem. & Rec. on Guilty Plea [#68].)

The presentence investigation report (PSR) prepared in anticipation of sentencing found that Petitioner's offense carried a base offense level of 34 because it involved 1.2 kilograms of methamphetamine. The PSR further recommended two upward adjustments totaling four levels to reflect specific offense characteristics due to Petitioner's supervisory role in the offense and the importation of the methamphetamine from Mexico, and a three-level decrease for acceptance of responsibility. These adjustments created a total offense level of 35. Petitioner was assessed five criminal history points and placed in a criminal history category of III, resulting in a recommended advisory guideline sentence range of 210 to 262 months' imprisonment.

Petitioner objected to the report, arguing that the probation officer preparing the PSR had wrongly characterized his role as supervisory and wrongly stated that the methamphetamine involved in the offense had been imported from Mexico. Petitioner further argued that the officer had improperly added two criminal history points under the belief that the offense had been committed during a time that Petitioner was under supervised release. These objections were overruled at sentencing, and on August 8, 2017, Petitioner was sentenced to 210 months of imprisonment with 60 months of supervised release. (Judgment and Commitment [#122].)

Petitioner was represented by attorney Daniel James Vela during his plea proceedings and sentencing.

Petitioner filed a direct appeal on August 17, 2017, and requested appointment of counsel on appeal. Philip Lynch was appointed as appellate counsel and subsequently filed an *Anders* brief with the Fifth Circuit, relaying his opinion that the record did not show any arguable error, that he was unable to identify any nonfrivolous issue to raise on appeal, and requesting leave to withdraw his representation. The Fifth Circuit dismissed Petitioner's appeal as frivolous on November 7, 2018, agreeing that there was no nonfrivolous issue for appellate review and insofar as Petitioner was attempting to assert a claim of ineffective assistance of counsel, the record was not sufficiently developed to allow a fair evaluation of such claim. (Order Dismissing Appeal [#152].)

Petitioner filed his *pro se* Motion to Vacate under Section 2255 on January 17, 2020. The motion alleges, among other things, that trial counsel, Mr. Vela, provided ineffective assistance of counsel by coercing Petitioner to sign the plea agreement in this case, rendering his guilty plea involuntary. Petitioner alleges that Mr. Vela coerced him because he promised him he would receive a 60-month sentence, failed to read the plea agreement to him before asking him to sign it, executed the agreement without first reviewing with Petitioner the relevant discovery or providing him with the case file, and failed to correct erroneous information in the agreement's factual resume regarding the source of the methamphetamine and Petitioner's leadership role in the drug-trafficking organization.

In support of his ineffective-assistance claim, Petitioner submitted the sworn declaration of his brother and codefendant, Michel Villalpando-Gonzalez. (Michel Decl. [#154].) The declaration states that, while waiting in a cell in the attorney visiting area, he heard Mr. Vela

promise Petitioner that if he pleaded guilty and signed the plea agreement he would get no more than 60 months' imprisonment. (*Id.*) The declaration further states that he heard Mr. Vela tell Petitioner at the plea and re-arraignment hearing that he would not get more than 60 months' imprisonment, that the facts in the factual resume in the plea did not matter, and that he should follow Mr. Vela's cues during the plea colloquy of nodding for yes and shaking his head for no. (*Id.*) Finally, the declaration states that during a recess at the sentencing hearing, he heard Mr. Vela tell Petitioner that the enhancements in the PSR did not matter because the Court would sustain all of his objections, that Petitioner would not get more than 60 months' imprisonment, and that Petitioner should again follow Mr. Vela's cues during sentencing for nodding yes and shaking his head for no. (*Id.*)

The Government filed a response to the § 2255 motion and attached the declaration of Mr. Vela. (Vela Decl. [#156-1].) The declaration states that Mr. Vela never made any promise to Petitioner about getting 60 months in exchange for his plea agreement and that he met with Petitioner on several occasions to review the relevant discovery, plea agreement, applicable sentencing guidelines, and statutory mandatory minimum sentence.

The District Court determined that an evidentiary hearing was necessary to resolve Petitioner's ineffective-assistance claim and referred Petitioner's motion to the undersigned to hold the hearing and submit a report and recommendation as to Petitioner's "claim that Mr. Vela rendered ineffective assistance by coercing [Petitioner's] guilty plea." (Referral Order [#170].) The undersigned set the motion for a hearing and appointed Petitioner counsel to represent him in the evidentiary proceedings. (Order Appointing Counsel [#172].) After multiple continuances due to issues with securing Petitioner's presence in San Antonio for the hearing, the Court held a live evidentiary hearing on May 4, 2022, on the limited issue ordered by the District Court.

Case 5:16-cr-00360-OLG   Document 180   Filed 06/09/22   Page 5 of 11

Petitioner, his postconviction counsel, and counsel for the Government appeared at the hearing. Mr. Vela provided testimony and was subject to cross-examination. Petitioner elected not to testify and did not call his brother as a witness. After the hearing, the undersigned gave the parties two weeks to file any additional briefing or proposed findings of fact and conclusions of law. Neither Petitioner nor the Government filed any additional briefing.

## II.  Mr. Vela's Testimony

Mr. Vela testified at the evidentiary hearing that he spent hours going over the discovery with Petitioner throughout their various visits prior to the execution of his plea agreement and that he reviewed the entire plea agreement with Petitioner prior to securing Petitioner's signature. When pressed about whether he should have requested a continuance of re-arraignment to ensure Petitioner understood the terms of his plea agreement, Mr. Vela stated that he did not think a continuance was necessary as Judge Mathy took a recess during the hearing to allow the parties time to address Petitioner's questions. The record reflects that Mr. Vela and Petitioner met for 28 minutes to ensure Petitioner's full understanding of the agreement. Mr. Vela testified that he again reviewed the plea agreement with Petitioner during this recess and that he translated the plea agreement into Spanish himself for Petitioner and reviewed how the guilty plea process would work. Finally, Mr. Vela testified that he never told Petitioner he would receive only 60 months' imprisonment in exchange for his plea agreement but may have made another estimate about sentencing. Mr. Vela is an experienced criminal defense attorney, and given that this case involved a 10-year mandatory minimum sentence, Petitioner's contention that he promised a 60-month sentence is not credible.

Mr. Vela provided additional testimony regarding his review of the PSR with Petitioner in preparation for sentencing. However, the parties agreed at the evidentiary hearing that the

5

scope of the District Court's referral was limited to whether the plea agreement was coerced. Accordingly, all of the testimony regarding the PSR and sentencing, which obviously occurred after the guilty plea proceeding, is beyond the scope of the evidentiary hearing, which exclusively concerns the voluntariness of Petitioner's plea agreement. No other testimony was presented at the hearing.

### III.  Analysis

In his petition, Petitioner argues that Mr. Vela was constitutionally ineffective because he coerced Petitioner into executing his plea agreement involuntarily. The Sixth Amendment guarantees "reasonably effective" legal assistance. *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013). For ineffective assistance of counsel to warrant habeas relief, Petitioner must demonstrate that Mr. Vela made errors so serious that he "was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that his trial counsel was constitutionally ineffective, Petitioner must show (1) Mr. Vela's performance was deficient in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced his defense. *Id.* at 687–88.

Petitioner has a heavy burden to demonstrate that his guilty plea was involuntary. "A guilty plea will be upheld on habeas review if the plea was entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). Whether a plea is knowing turns on whether the defendant had a full understanding of the consequences of the plea. *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). If a criminal defendant understood the charge against him and the potential punishment for the offense charged—and voluntarily pleaded guilty—then the plea will generally be upheld, unless the defendant can

demonstrate that the plea was involuntary. *See James v. Cain*, 56 F.3d 662, 666–67 (5th Cir. 1995).

With respect to voluntariness, the question is whether the plea was induced by threats, improper promises, or misrepresentations. *Montoya*, 226 F.3d at 405; *see also U.S. v. Nunez*, 539 Fed. App'x 502, 503 (5th Cir. 2013) ("Whether a plea is knowing looks to whether the defendant understands the direct consequences of his plea, while voluntariness looks to, inter alia, whether the plea was induced by threats or improper promises."). The Supreme Court has explained the knowing and voluntary requirement as follows:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotation omitted). In other words, Petitioner must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977).

Firm declarations in open court, including a plea colloquy, carry a "strong presumption of verity." *Id.* at 74. As a result, a petitioner faces a heavy burden when attempting to prove that a plea was involuntary in contradiction to the evidence of his own words. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). Petitioner has failed to carry this burden.

The record reflects that Petitioner appeared before Judge Mathy on October 7, 2016, and he testified that he read his plea agreement or the plea agreement was read to him before he signed the agreement. (Plea Colloquy [#139], at 5.) He further testified that he understood

everything written in his plea agreement. (*Id.*) When Petitioner then equivocated on his answer and said he understood the agreement "in parts," Judge Mathy recessed the plea hearing and admonished Petitioner than she needed to be sure that Petitioner understood the agreement "word for word." (*Id.* at 6.) The record reflects that the plea hearing was recessed for 28 minutes to allow Mr. Vela to review the plea agreement more thoroughly with Petitioner. (*Id.* at 8.)

Upon resuming the hearing, Petitioner testified that Mr. Vela read the agreement to him word for word before he signed it, that he understood the charge in Count One, that he had had ample time to talk to Mr. Vela about his case and the offense to which he was pleading guilty, and that he was satisfied with Mr. Vela's representation. (*Id.* at 9–12.) Judge Mathy then advised Petitioner that his offense carried a mandatory minimum term of imprisonment of 10 years or 120 months, up to life in prison, and not to rely on any estimates from Mr. Vela regarding how the guidelines might be applied in his case. (*Id.* at 12, 16–17.) Finally, Petitioner stated that he was pleading guilty freely and voluntarily and with full knowledge of the consequences and that he had not been threatened, coerced, or forced in any way to plead guilty, nor had anyone promised him what his sentence would be. (*Id.* at 18.)

In contradiction to this sworn testimony, Petitioner alleges that Mr. Vela promised him a 60-month sentence (half of the mandatory minimum), yet he received a term of imprisonment of 210 months (the low end of the guidelines). A mere understanding by Petitioner, however, that he would receive a lesser sentence in exchange for a guilty plea "will not abrogate that plea should a heavier sentence actually be imposed." *DeVille*, 21 F.3d at 658. To prevail on his claim of involuntariness by coercion, Petitioner must prove that an actual promise was made by showing (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such

a promise was made; and (3) the precise identity of any eyewitness to the promise. *Id.* (citing *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986)). Petitioner has not done so.

Petitioner did not provide any testimony at the evidentiary hearing. Nor did his brother, the co-defendant who authored the declaration stating that he overheard Mr. Vela make improper representations to Petitioner regarding his plea agreement, provide testimony. The only testimony before the Court is the testimony of Mr. Vela, which is consistent with Mr. Vela's declaration that he thoroughly reviewed the plea agreement with Petitioner, ensured his understanding of its terms, and never represented to Petitioner that he would only receive five years' imprisonment. The undersigned finds Mr. Vela's testimony to be credible, especially in light of the admonishments on the record at the plea hearing that Petitioner was facing a mandatory minimum of ten years, a sentence twice the alleged estimated sentence communicated to Petitioner by Mr. Vela. Mr. Vela's testimony is uncontroverted.

The only evidence provided to the Court in support of Petitioner's claim is the declaration of his brother and co-defendant, which is based almost exclusively on hearsay. (*See* Michel Decl. [#154], at ¶¶ 2–4 (stating that he overheard Mr. Vela make various promises to Petitioner).) The Federal Rules of Evidence, including the rules regarding the inadmissibility of hearsay, apply in habeas proceedings. *See* Fed. R. Evid. 1101(d) (listing exceptions to applicability of the rules and not including postconviction proceedings); *see also United States v. Scott*, 576 Fed. App'x 409, 415 (5th Cir. 2014) (finding Rule 606(b) foreclosed movant's argument in § 2255 proceeding); *Salazar v. Dretke*, 419 F.3d 384, n.28 (5th Cir. 2005) (recognizing that Federal Rules of Evidence apply to § 2254 habeas corpus proceedings); *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975) (stating in dicta that Federal Rules of Evidence apply in § 2255 proceeding). In fact, a district court does not abuse its discretion in

denying an evidentiary hearing on a 2255 petition where, as here, the only evidence provided in support of the petition is hearsay. *See Baltazar v. Cockrell*, 34 Fed. App'x 151, at *4 (5th Cir. 2002). The Court should therefore disregard this declaration in evaluating the merits of Petitioner's claim, especially given that Petitioner was provided with the opportunity to call witnesses during the evidentiary hearing. Regardless, given the plea colloquy, the recess that occurred during it, and Mr. Vela's testimony, even if Petitioner and his brother had testified at the evidentiary hearing consistently with the testimony in their declaration, the undersigned would have reached the same conclusion regarding the recommendation in this case.

In summary, Petitioner has failed to establish by a preponderance of the evidence that his plea agreement was the product of coercion, that his plea was otherwise unknowing and involuntary, or that Mr. Vela rendered constitutionally ineffective assistance of counsel. His claim regarding the involuntariness of his plea should therefore be denied.

### IV.  Conclusion and Recommendation

Having considered the written and oral record before the Court, the undersigned recommends that Petitioner Omar Villalpando Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#154] based on his claim of ineffective assistance of counsel regarding the voluntariness of his plea be **DENIED**.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 9th day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE